UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

MOHAMMED L. ALI

07 CV 10614
Hon. D. Cote

Plaintiff,

-against-

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officer ARTHUR
CLARKE (Shield No. 8001), and JOHN DOES 1-5

Defendants.

----------------------------------------------------------------------x

Plaintiff Mohammed Liaket Ali, by his attorney, the Urban Justice Center, complaining

of defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions and laws of the United States and the

State of New York.

## JURISDICTION

2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth

and Fourteenth Amendments to the United States Constitution and the laws of the State of New

York.

3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202. Plaintiff further

invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims

pursuant to 28 USC §1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 USC § 1391(b).

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff Mohammed Ali is a resident of New York City and a licensed New York City mobile food vendor.

7.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8.      Defendant, Officer Arthur Clarke is sued in his individual and official capacity as a New York City police officer and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9.      Defendants John Does 1-5 are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## NOTICE OF CLAIM

10.     Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City in compliance with General Municipal Law § 50.

11.     More than 30 days have elapsed since service of said notice and the City has failed to pay or adjust the claim.

## FACTUAL AND GENERAL ALLEGATIONS

12.     On the afternoon of August 23, 2007, plaintiff was vending hot dogs, pretzels, soda, and related beverages from his pushcart in a legal vending location on Cedar Street between Broadway and Church Street in Manhattan.

13.     After being called by the managers of a farmers market that had set up adjacent to plaintiff's vending location, Officer Clarke instructed the plaintiff and his counsel that plaintiff must move from that block due to the presence of the farmers market.

14.     Plaintiff and his counsel told Officer Clarke that plaintiff was engaged in his lawful vending business in a lawful location.

15.     Officer Clarke and other uniformed officers seized the plaintiff's hot dog cart and all its contents. Officer Clarke and the other officers knew or should have known that they had no right to seize plaintiff's vending cart. A copy of the NYPD Property Clerk's Invoice is attached hereto as Exhibit A.

16.     Officer Clarke issued plaintiff two Environmental Control Board ("ECB") summonses for allegedly vending food "from a cart that had less than 12 foot of a path around / front of cart" and for allegedly vending food "when ordered to move due to a market event and being in a non-legal spot." A copy of the ECB summonses is attached hereto as Exhibit B.

17.     Officer Clarke and the other uniformed officers knew or should have known that plaintiff was not in fact vending at an illegal location or violating any other vending law.

18.     The ECB summonses were both dismissed by an Administrative Law Judge at the ECB that same afternoon. A copy of the decision and judgment is attached hereto as Exhibit C.

3

19.    That same afternoon, after the summonses were dismissed, plaintiff went to the First Precinct to attempt to recover his pushcart and its contents.

20.    Plaintiff did recover his pushcart; however, he was instructed that all its contents had been discarded.

21.    That same afternoon, plaintiff and his counsel confirmed that the contents of plaintiff's pushcart had been discarded at the NYC Sanitation garage at Canal and West Streets in Manhattan.

22.    Officer Clarke and the other officers knew or should have known that they had no right to discard the contents of plaintiff's pushcart.

23.    The seizure of plaintiff's pushcart and the discarding of all its contents were performed under color of law, within the scope of defendant Clarke's and John Doe 1-5's employment and authority, and for whose acts the defendant City is liable under the theory of *respondeat superior*.

24.    The seizure and retention of plaintiff's pushcart and the discarding of all its contents violated clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and were the direct and proximate cause of his damages.

25.    The actions of the individual defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

DAMAGES

26.    As a direct and proximate cause of the said acts of defendants, the plaintiff suffered the following injuries and damages:

a.    Violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution; and

4

      b.     economic damages including loss of property and loss of income.

**CAUSES OF ACTION**

COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

27.    By their conduct, under color of law, defendants deprived Mr. Ali of his constitutional right to be free from unreasonable searches and seizures.

COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

28.    By their conduct, under color of law, defendants deprived Mr. Ali of his property without due process of law.

COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

29.    By their conduct, under color of law, defendants denied Mr. Ali his right to due process by depriving him of his property for arbitrary or irrational reasons.

COUNT IV – 42 USC § 1983 – MONELL CLAIM

30.    New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, which caused the violation of plaintiff's rights.

31.    It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, thereby causing the defendants in this case to engage in the unlawful conduct described above.

32.    As a direct and proximate cause of the City's deliberate indifference, defendants violated Mr. Ali's constitutional rights for which he suffered damages.

COUNT V – PENDANT STATE CLAIMS

5

33.     By their actions, as set forth above, defendants committed conversion, outrageous conduct, negligence, gross negligence, and negligent hiring, retention and supervision under the laws of the State of New York.

34.     At all relevant times, defendants Office Clarke and John Does 1-5, were employees of the City of New York, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

35.     Consequently, the City is liable under the theory of *respondeat superior* for their tortious actions.

36.     This Court has pendant jurisdiction to hear and adjudicate said claims.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1.     Award compensatory damages in an amount to be determined at trial;

2.     Award punitive damages in an amount to be determined at trial;

3.     Disbursements, costs, and attorneys' fees; and

4.     For such other and further relief as this Court may seem deem just and proper.

Dated:     New York, New York
           November 26, 2007

                                Respectfully submitted,


                                DOUGLAS LASDON / DL    8705
                                Urban Justice Center
                                123 William Street, 16th Floor
                                New York, NY 10038
                                (646) 602-5600 phone
                                (212) 533-4598 fax

6

Exhibit A

# PROPERTY CLERK'S INVOICE

TP 521.141 (Rev. 5/01)

N 816901

*Check only one of the below categories.*

| | | |
|---|---|---|
| ☐ **ARREST EVIDENCE** | ☐ **DECEDENT'S PROPERTY** | ☐ **FOUND PROPERTY** |
| ☐ **INVESTIGATORY** | ☒ **PEDDLER PROPERTY** | ☐ **OTHER** _____ |

**DATE PREPARED:** 8/23    **YR** 2007    **PCT.** 001

| Arresting/Assigned Officer A. Clarke | Rank P.O. | Shield No. 5001 | Tax Reg. No. 922122 | Command 001 |
|---|---|---|---|---|

| Prisoner's Last Name All, Mohammed | First | Age | Address (Include City, State, Zip Code, Apt.) 1185 Grand Concourse Bronx NY 10456 | No. of Prisoners 01 | Acc./Aided # |
|---|---|---|---|---|---|

| Date of Arrest 8/23/07 | Arrest No. ECB#E161365436 | Charge/Offense Under Investigation Less than 12' of path/Exigent Circ | Fel. ☐ | Misd. ☐ | J.D. ☐ | Viol. ☒ | Complaint No. |
|---|---|---|---|---|---|---|---|

| Finder of Property N/O | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | | DISPOSITION *(For Property Clerk's Use Only)* | AND DATE |
|---|---|---|---|---|---|---|
| 01 | 01 | Metal food cartP/S#0602548 | | | | |
| 02 | 01 | Car battery | | | | |
| 03 | 01 | Battery charger | | | | |
| ***************************************** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | TOTAL | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued ☐ Yes    ☐ Refused

| **R.T.O.** | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

**REMARKS:** *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*
At T/P/O deft. was issued 02 ECB's for Less than 12' of path/ notice to move exingent circumstances. All perishables and beverages were taken to NYC Sanitation garage Manhattan West 01 "canal and West St" Truck #25cn-469 Captain Accardo. Cart#60738.

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

| PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: | Rank | Name | Command |
|---|---|---|---|

Property Clerk's Signature

N 816901

Exhibit B

ENVIRONMENTAL CONTROL BOARD • NOTICE OF VIOLATION AND HEARING • FOR CIVIL PENALTIES ONLY

City of New York, Petitioner vs Respondent:

LAST NAME (Print)        FIRST NAME        INITIAL

STREET ADDRESS        APT

CITY        STATE        ZIP

TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER
1 ☐ Consumer Affairs License    4 ☐ Vehicle Plate        7 ☐ Cert. of Auth.        ISSUED BY
2 ☐ Health Dept. License        5 ☐ Meter Number        8 ☐ Build Reg. No.
3 ☐ Motorist Identification      6 ☐ Soc. Sec. No.        9 ☐ Telephone No.
                                                      10 ☐ Other

NOTICE ALSO SENT TO        FIRST NAME        INITIAL
LAST NAME
STREET ADDRESS

CITY        ZIP

**NOT IN SYSTEM**

The Respondent is charged with violation of Law/Rule.

Date of Offense ☐ AM  Time ☐ PM    Borough    CB NO.    Violation Code
                                    ☐ Mx ☐ Bk ☐ Q ☐ SI

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK        OTHER CODES
1. ☐ "Air Code" Provisions      5. ☐ Sanitation Provisions     9. ☐ Park Rules    11. ☐ NYS Public Health Law
2. ☐ "Noise Code" Provisions    6. ☐ General Vendor Provisions 10.☐ Other         12. ☐ NYC Health Code Provisions
3. ☐ "Water Code" Provisions    7. ☐ Food Vendor Provisions                      13. ☐ NYS VTL
4. ☐ "Sewer Code" Provisions    8. ☐ Transportation Provisions                    14. ☐ Other

SECTION/RULE

☐ At    ☐ Front of  ☐ Opposite  ☐ Place of Occurrence

DETAILS OF VIOLATION

Property Removed                          ☐ ALTERNATIVE SERVICE
☐ Yes ☐ No    1 ☐ 1-2 Family  2 ☐ Multiple Dwelling  3 ☐ Commercial

Mail-In Penalty Schedule                              Maximum Penalty For Violation
$25    $50    $100    $250   $_____      ☐ NO MAIL-IN PENALTY,
 1      2      3       4         Other        YOU MUST APPEAR      $_____
Vendor Multiple Offense Schedule (See Reverse Side) ☐      See Date and Time      or see reverse side
                                                  Below:
                                                             8:30 AM 10:30 AM 1:00 PM 2:30 PM
Date of                                                       1       2        3       4
Hearing _____ Day of _____ 200__

Proceedings will be held under authority of the N.Y.C. Charter Section 1404 and the Rules of the
City of New York at 15 RCNY Chapter 31.
**WARNING:** If you do not appear (or pay by mail if permitted) you will be held in default and subject to the maximum
penalties permitted by law. Failure to appear or pay a penalty imposed may lead to suspension of your license or other action
affecting licenses you now have or may apply for as well as the possibility of a judgment entered against you in Civil Court.
**FURTHER INSTRUCTIONS ON REVERSE SIDE.**
I, an employee of the below agency, personally observed the commission of the civil violation charged above. False statements made
herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of perjury.

RANK (Title) SIGNATURE OF COMPLAINANT                    REPORT LEVEL    C 0 0 1
                                                         (Fill 4 spaces
                                                         Comm'd, Sqst., Unit, etc.)

COMPLAINANT'S NAME (Printed)    TAX REGISTRY NUMBER    AGENCY
Clarke                          9 2               0 0

No.  E 161 365 427

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
161 365 427

ENVIRONMENTAL CONTROL BOARD • NOTICE OF VIOLATION AND HEARING • FOR CIVIL PENALTIES ONLY

City of New York, Petitioner    vs    Respondent

NAME    *Mohammed*

ADDRESS    *88 Grand Concourse*

DATE    *8/31/08*

TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER
☐ Consumer Affairs License
☐ Health Dept. License
☐ Motorist Identification
☐ MUST ALSO SENT TO

4 ☐ Vehicle Plate
5 ☐ Meter Number

7 ☐ Cert. of Auth.
8 ☐ Build-Reg. No.
9 ☐ Telephone No.
☐ Other

ISSUED BY

INITIAL

**NOT IN SYSTEM**

LAST NAME
STREET ADDRESS
CITY    ZIP

The Respondent is charged with violation of Law/Rule.

Offense: AM / PM    Time    Borough: Man. Bklyn Q St    CB NO.    Violation Code

*8 Sept 1954 8 9*    **F 2 1**

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK    OTHER CODES
1. ☐ "Air Code" Provisions    5. ☐ Sanitation Provisions    9. ☐ Park Rules    11. ☐ NYS Public Health Law
2. ☐ "Noise Code" Provisions    6. ☐ General Vendor Provisions 10. ☐ Other    12. ☐ NYC Health Code
3. ☐ "Water Code" Provisions    7. ☐ Food Vendor Provisions    13. ☐ NYS VTL
4. ☐ "Sewer Code" Provisions    8. ☐ Transportation Provisions    14. ☐ Other

SECTION/RULE    *17-315(1) Notice to move*

DETAILS OF VIOLATION    *...*

☐ ALTERNATIVE SERVICE

Property Removed
☑ Yes    ☐ No
1 ☐ 1-2 Family    2 ☐ Multiple Dwelling    3 ☐ Commercial

Mail-In Penalty Schedule
$25    $50    $100    $250    $_____ Other
☐    ☐    ☐    ☐
1    2    3    4
Vendor Multiple Offense Schedule (See Reverse Side) ☐

☐ NO MAIL-IN PENALTY
YOU MUST APPEAR
See Date and Time Below:

Maximum Penalty For Vi...
$_____ or see reverse

8:30 AM  10:30 AM  1:00 PM
☐    ☐    ☐
1    2    3

Date of Hearing    *28 Sept*    20__    *7 PM*

Proceedings will be held under authority of the N.Y.C. Charter Section 1404 and the Rules
City of New York at 15 RCNY Chapter 3T.

WARNING: If you do not appear (or pay by mail if permitted) you will be held in default and subject to the
penalties permitted by law. Failure to appear or pay a penalty imposed may lead to suspension of your license or
affecting licenses you now have or may apply for as well as the possibility of a judgment entered against you.
FURTHER INSTRUCTIONS ON REVERSE SIDE.

I, an employee of the below agency, personally observed the commission of the civil violation charged above.
herein are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of perjury

RESPONDENT SIGNATURE OF COMPLAINANT

COMPLAINANT'S NAME (Printed)    *Clarke*

REPORT LEVEL
(Tik 4 spaces
Command, Sept, Unit, etc.)

AGENCY REGISTRY NUMBER    AGENCY
*00*

**No.  E 161 365 436**

161 365 436

Exhibit C

# THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD

ECB 398 (02/07)
Decision and Order

**LOCATED AT:**

☑ 66 John Street
10th Floor
New York, NY 10038
212-361-1400

☐ 233 Schermerhorn Street
11th Floor
Brooklyn, NY 11201
718-875-7428

☐ 144-06 94th Avenue
Main Floor
Jamaica, NY 11435
718-298-7300

☐ 350 St. Marks Place
Main Floor
Staten Island, NY 10301
718-815-8365
212-361-1400

☐ 1932 Arthur Avenue
6th Floor
Bronx, NY 10457
718-579-6844
212-361-1400

| Disposition | Method of Appearance | H/T Master (2) |
| --- | --- | --- |

**In Violation**
**Admission**
**Dismissed**

☑ At Hearing
☑ By Mail

## DECISION AND ORDER

Violation #: 161 365 4 ? 7 / 161 365 43C

Hearing Date: 8/23 20 07

): Sean Pasinski
123 William St.   10'4 Fl
NY NY 10038

City of New York v.: Mohammed Ali
Place of Occurrence: 90 Cedar St
Borough: Manhatta
Issuing Officer: Clark   Agency: DO

A Notice of Violation was duly served, charging that on 8/23 20 07, at 145 (am) (pm), the Respondent violated

( ) NYS Public Health Law § 1310 ( ) NYC Health Code § _____ ( ) Rule/Reg. § _____ of _____

X NYC Administrative Code:   ( ) V T L

( ) § 16-116 ( ) _____
( ) § 16-118 ( ) _____
( ) § 16-120 ( ) _____

( ) § 20-4 _ ( ) _____
( X ) § 17-3L5(9) _____
( ) § 24___( ) _____
( X ) § 17-315() _____
( ) § 1224 (7)

☑ The Respondent appeared and entered a plea of ( ) Admit (X) Deny
and a hearing was held before me on the above-cited date.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On the record before me, I find that:

☐ **VIOLATION:** At the time and place specified in the Notice of Violation, and upon any further findings stated below, the Respondent caused or permitted the violation, as charged.

☑ **DISMISSAL:** For the reasons stated below, the Notice of Violation is dismissed.

FURTHER FINDINGS OF FACT/CONCLUSIONS OF LAW:

See attached decision

The green copy of the Decision and
the original Note were given to the Respondent

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ **CIVIL PENALTY:** I order the Respondent to pay a **CIVIL PENALTY** of $ _____

☐ **ADMISSION:** I admit the above-described violation _____

Signature _____   Date _____

Signature of Administrative Law Judge   #787/Taken   Stamp and No.   Date 8/23/07

Date Mailed: _____   See back of this

**PAYMENT DUE WITHIN 10 DAYS**
**READ BACK OF THIS ORDER - PROTECT YOUR RIGHTS**

DECISION and ORDER

Respondent:  Mohammed Ali
Date of hearing: August 23, 2007
Nov #:  161 365 427
         161 365 436

The Respondent appeared and testified. Sean Basinski, Esq., also appeared and testified. The Respondent received two NoVs, one for Less Than 12 Foot Path under 17-315(a) (#161 365 427) and one for Notice to Move/Exigent Circumstances under 17-315(j) (#161 365 436).

As to #161 365 427, a review of the NoV shows that it fails to state a proper charge in that 17-315(a) does not require that there be a twelve foot path around the Respondent's cart. Accordingly, there is no violation. The NoV is dismissed.

As to #161 365 436, Respondent indicates, and Mr. Basinski who was present stated, that the Respondent did in fact move his cart after being spoken to by the officer. The cart had originally been in front of a bench (which prevented there being a twelve foot path around the cart) but it was moved to an area nearby which was not blocked by the bench. Photos were submitted in support of the claim. I find the Respondent's claim to be credible. I find that the Respondent did move after being requested to do so by the issuing officer. I find that the Respondent was not in violation. The NoV is dismissed.

Stephen B. Haken
Administrative Law Judge # 787

Pg 2 of 2