UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MOHAMMED L. ALI,

                      Plaintiff,

   - against -

CITY OF NEW YORK; individually and in their official capacity as New York City Police Officer ARTHUR CLARKE (Shield No. 8001), and JOHN DOES 1-5,

                      Defendants.

**ANSWER TO COMPLAINT**

07 CV 10614
(DLC) (HBP)

(ECF)

------------------------------------------------------------------------X

        Defendants CITY OF NEW YORK and NEW YORK CITY POLICE OFFICER ("PO") ARTHUR CLARKE and JOHN DOES 1-5 by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as described therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as described therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as described therein, that the Court has jurisdiction over plaintiff's federal claims and the Court has discretion to exercise supplemental jurisdiction over plaintiff's state law claims.

        4.    Admit the allegations set forth in paragraph "4" of the complaint.

        5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as described therein.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that PO Clarke is a member of the New York City Police Department ("NYPD") and that plaintiff purports to proceed as described therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as described therein and aver that Defendants acted lawfully and properly.

10. Admit the allegations set forth in paragraph "10" of the complaint.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that PO Clarke instructed plaintiff to relocate his vending cart and aver that said instruction was lawful and proper.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff claims he was at a lawful location.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Plaintiff's vending cart was lawfully seized and that Plaintiff was provided with a Property Clerk's Invoice.

16. Deny so much of the allegations set forth in paragraph "16," except admit that Plaintiff was issued notices of violation and respectfully refer the Court to such documents for the accurate and complete content of each.

17. Deny the allegations set forth in paragraph "17" of the complaint, and aver that the subject seizure was lawful and proper.

18. Admit the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint, except admit that the contents of Plaintiff's vending cart were discarded.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, and aver that the subject seizure was lawful and proper.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny so much of the allegations set forth in paragraph "34" as alleges or purports to allege Defendants acted unlawfully.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit the Court has discretion to exercise supplemental jurisdiction over plaintiff's state law claims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37. The complaint fails to state a claim for relief cognizable under federal or state law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor violated any act of Congress providing for the protection of civil rights.

39. Any actions complained of herein were in all respects lawful, proper and constitutional.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

40. At all times relevant, the individually-named defendants acted within their scope of employment in a good faith belief that their actions were lawful, proper and

constitutional and did not violate any clearly established rights of which a reasonable person would have knowledge, at the time.

42. Consequently, the individually-named defendants are immune from liability under the doctrine of qualified immunity.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

42. Any damages sustained by plaintiff resulted from plaintiff's own culpable conduct.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

43. Punitive damages are not obtainable as against the City of New York.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

44. This Court should decline to exercise supplemental jurisdiction over those claims purportedly raised pursuant to state law.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Date:   New York, New York
        January 4, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                        City of New York
                    Attorney for Defendants


By:  _____/s_____
     Mary O'Sullivan (MO 8495)
     Assistant Corporation Counsel
     100 Church Street, Room 5-174
     New York, New York 10007
     Phone (212) 788-1003
     Fax (212) 791-9714
     mosulliv@law.nyc.gov


TO:  Urban Justice Center
      Attorney for Plaintiff
      By:  Douglas Lasdon, Esq.